IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROVITA EUROTECH, LTD | : | Case No. 4:15-CV-01638 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| KEVIN MARMOR and | : | |
| SILOA ANIMAL HEALTH, LLC | : | |
| | : | |
| Defendants. | : | |

**ORDER**
March 3, 2016

AND NOW, in accordance with the Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The Motion for Preliminary Injunction filed by Plaintiff Provita Eurotech, LTD (hereinafter "Plaintiff") (ECF No. 17) is GRANTED;

2. Defendant Kevin Marmor (hereinafter "Defendant Marmor") shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa Animal Health, LLC (hereinafter "Siloa")), for a period of one (1) year from the date of this Court's Order, disclose or communicate any "Confidential Information" of Employer (as defined in the Employment Agreement) to any person or entity other than Plaintiff  nor use said

"Confidential Information" for any purpose or reason other than the benefit of the Plaintiff;

3. Defendant Marmor shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa), for a period of one (1) year from the date of this Court's Order: (i) solicit business from customers or clients of Plaintiff nor engage in (as an employee, principal, shareholder, partner, consultant or any other capacity) any enterprise conducting business activities that are the same or similar to those of Employer within the "Noncompete Geographic Area" (as defined in the Employment Agreement); or (ii) solicit any employee of Plaintiff for employment elsewhere (i.e., employment with any person or entity other than Plaintiff);

4. Defendant Marmor shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa), convert, possess, misappropriate, misuse, distribute, disseminate, transfer and/or otherwise make use of, in any manner whatsoever, any confidential and proprietary information and/or trade secrets belonging to the Plaintiff, including, but not limited to, customer lists, customer contact information, or Plaintiff's product pricing information;

5. Defendant Marmor shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa), take any action with the intent of, or which has the effect of, interfering with Plaintiff's existing business relations;

6. Defendant Marmor shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa), take any action with the intent of, or which has the effect of, interfering with Plaintiff's prospective business relations;

7. Defendant Marmor shall not, directly or indirectly, on behalf of or for the benefit of himself or any third party, or on behalf of or for the benefit of any other entity (including, but not limited to Siloa), make any representations concerning Plaintiff, its owners, officers, employees, contractors, vendors, or agents, to any customers or potential customers of Plaintiff, or to any other persons, entities or third parties, which are untrue, or which otherwise constitute commercial disparagement.

8. Neither Defendant Siloa Animal Health, nor any of its affiliates, subsidiaries, assigns, successors, owners, directors, officers, employees, or agents shall, directly or indirectly, convert, possess, misappropriate, misuse,

distribute, disseminate, transfer and/or otherwise make use of, in any manner whatsoever, any confidential and/or proprietary information and/or trade secrets belonging to the Plaintiff, including, but not limited to, customer lists, customer contact information, or Plaintiff's product pricing information;

9. Neither Defendant Siloa Animal Health, nor any of its affiliates, subsidiaries, assigns, successors, owners, directors, officers, employees, or agents shall, directly or indirectly, take any action with the intent of, or which has the effect of, interfering with Plaintiff's existing contractual relations, including, but not limited to, Plaintiff's existing and ongoing contractual relationship with Defendant Marmor;

10. Neither Defendant Siloa Animal Health, nor any of its affiliates, subsidiaries, assigns, successors, owners, directors, officers, employees, or agents shall, directly or indirectly, take any action with the intent of, or which has the effect of, interfering with Plaintiff's existing business relations; and

11. Neither Defendant Siloa Animal Health, nor any of its affiliates, subsidiaries, assigns, successors, owners, directors, officers, employees, or agents shall, directly or indirectly, take any action with the intent of, or

which has the effect of, interfering with Plaintiff's prospective business relations.

                              BY THE COURT:

                              <u>/s Matthew W. Brann</u>
                              Matthew W. Brann
                              United States District Judge